UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA


FILED
JAN 2 2 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

BANKRUPTCY MINUTES - 11 U.S.C. Section 362 MOTIONS  26

CASE NO. RS08-22760 PC                DATE 01/22/09
CHAPTER 7

DEBTOR(S) WILLIAM DUENAS AND MARTHA DUENAS

TITLE COUNTRYWIDE BANK, FSB V. DEBTORS

Hon. Peter H. Carroll, Bankruptcy Judge

Attorney(s) for Moving Party        Attorney(s) for Responding Party
          None                                 Eva Hollins

(X) **Granted**

   (X) ~~Tentative~~ / (Final Ruling) is the final order of the Court.

   ( ) Based on finding of fact and conclusions of law made on the record.

( ) **Denied**

   ( ) Tentative / Final Ruling is the final order of the Court.

   ( ) Based on findings of fact and conclusions of law made on the record.

( ) **Stipulation**. Stipulation by the parties with respect to the relief sought to be filed with the court within 7 days.

( ) **Continuance**. Hearing on the motion is continued to _____, at _____ a.m./p.m. for a final hearing pursuant to 11 U.S.C. §362(e). Automatic stay remains in effect pending a final hearing on the motion.

( ) **Off Calendar.**

( ) **Other**.

United States Bankruptcy Court
Central District of California
Riverside
Judge Peter Carroll, Presiding
Courtroom 304 Calendar

Thursday, January 22, 2009                                                    Hearing Room  304

9:30 am
6:08-22760    **William Duenas and Martha Duenas**                                     Chapter 7
#26.00        Miles, Bauer, Bergstrom & Winters, LLP - movant attorney

              Motion for relief from stay

              Countrywide Bank, FSB vs DEBTORS, Christopher R Barclay,
              Chapter 7 Trustee
              (Motion filed 12/22/08)
                                    Docket #:   53


**Tentative Ruling:**

  None.

  **Final Ruling**. This motion for relief from the automatic stay has been set for hearing on the notice required by LBR 4001(c)(1) and LBR 9013-1(d)(2). The failure of the debtor, the trustee, and all other parties in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9013-1(f) is considered as consent to the granting of the motion. LBR 9013-1(h). *Cf.* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Their default is entered and the matter will be resolved without oral argument. LBR 9013-1(j)(3). **No appearance is necessary**.

  The motion is granted pursuant to 11 U.S.C. § 362(d)(2) to permit movant, its successors, transferees and assigns, to enforce its remedies to foreclose upon and obtain possession of the property in accordance with applicable law. Movant may not pursue any deficiency claim against the debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. Since a chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under 11 U.S.C. § 362(d)(2) is whether the debtor has equity in the property. *See e.g.*, Nev. Nat'l Bank v. Casbul of Nev., Inc. (In re Casgul of Nev., Inc.), 22 B.R. 65, 66 (9th Cir. BAP 1982); Ramco Indus. v. Preuss (In re Preuss), 15 B.R. 896 (9th Cir. BAP 1981).

  The subject real property has a value of $425,000.00 and is encumbered by a perfected deed of trust or mortgage in favor of the movant. The liens against the property total $734,931.55. The court finds there is no equity and there is no evidence that the

# United States Bankruptcy Court
# Central District of California

Riverside

Judge Peter Carroll, Presiding

Courtroom 304 Calendar

Thursday, January 22, 2009                                                       Hearing Room 304

9:30 am

Cont....     **William Duenas and Martha Duenas**                             **Chapter 7**

trustee can administer the subject real property for the benefit of creditors.

The 10-day period specified in FRBP 4001(a)(3) is waived. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code. For purposes of Cal. Civ. Code § 2923.5, the court determines that this bankruptcy proceeding has been finalized with respect to the subject property and the note and lien described in the motion. All other relief is denied.

The movant shall submit an appropriate order.

Party Information

Debtor(s):

William Duenas                                                             Represented By

Manfred Schroer

Joint Debtor(s):

Martha Duenas                                                           Represented By

Manfred Schroer

Movant(s):

Countrywide Bank, FSB                                       Represented By

Matthew D Tokarz

Trustee(s):

Christopher R Barclay